lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY, ) <br> ) <br> Appellant, ) <br> v. ) <br> ) Case No. 07-2207-JAR <br> ) <br> DANIEL RAY HIPSHER, SR. and ) <br> ALISHA M. HIPSHER, ) <br> ) <br> Appellees. ) <br> ) | |

## MEMORANDUM ORDER AND OPINION

This appeal involves a Chapter 13 bankruptcy case in which the debtors' plan was confirmed over objection of a creditor, Ford Motor Credit Company ("Ford Motor Credit"), that holds a purchase money lien against debtors' vehicle, which was purchased within 910 days of the date the bankruptcy was filed. The bankruptcy court ruled that Ford Motor Credit was not entitled to interest on its claim. Ford Motor Credit appealed from the order of confirmation. Debtors have not responded to Ford Motor Credit's brief (Doc. 5), filed May 29, 2007.[1] For the reasons explained in detail below, the Order of the bankruptcy court is reversed, and the case is remanded for further proceedings consistent with this opinion.

**I.    Background**

On May 10, 2006, the debtors, Daniel and Alisha Hipsher, obtained financing for a 2006 Ford Focus from Ford Motor Credit, which properly perfected its purchase money security

---

[1]The appellee has 15 days after service of appellant's brief to file a response brief, unless the court fixes different limits in a specific case on its own motion or the motion of a party. *See* Fed. R. Bankr. P. 8009(a); D. Kan. R. 83.8.10. No extensions were sought by the parties in this case.

interest ("PMSI") in the vehicle.  On January 4, 2007, and within 910 days of purchasing the vehicle, debtors filed their petition for Chapter 13 bankruptcy.  At the time of filing, $22,202.36 remained owing on the contract, as reflected in Ford Motor Credit's timely filed proof of claim.  Debtors filed a Chapter 13 plan in which they proposed to retain the Focus and pay Ford Motor Credit's claim in full, without interest.

Ford Motor Credit objected to the plan, asserting that its claim was subject to treatment under the "hanging paragraph" at the end of § 1325(a) and the present value claims of § 1325(a)(5)(B)(ii), and thus debtors must pay interest on the amount pursuant to the United States Supreme Court's ruling in *Till v. SCS Credit Corp.*[2] (the "*Till* rate").  The bankruptcy court held a hearing on March 3, 2007, at which time the court overruled Ford Motor Credit's objection, holding that *Till* did not apply to Ford Motor Credit's claim and no interest was required.  A written confirmation order followed on April 27, 2007.

## II.     Appellate Jurisdiction

The parties have opted to have the appeal heard by this Court.[3]  This appeal was timely filed by Ford Motor Credit, and the bankruptcy court's Order is "final" within the meaning of 28 U.S.C. § 158(a)(1).[4]

## III.    Standard of Review

On appeal from the bankruptcy court, the district court sits as an appellate court.[5]  The

---

[2] 541 U.S. 465 (2004).

[3] *See* 28 U.S.C. § 158(c)(1); B.A.P. 10th Cir. R. 8001-1(a), (e).

[4] *See* Fed. R. Bankr. P. 8001-8002.

[5] *See* 28 U.S.C. § 1334(a).

standards generally governing review of the bankruptcy court's decision are well-settled: findings of fact are not to be set aside unless clearly erroneous; conclusions of law are reviewed *de novo*.[6] The bankruptcy court's interpretation of a statute is a question of law.[7]

## IV.     Discussion

At issue in this case is whether a bankruptcy court may confirm, over a secured creditor's objections, a Chapter 13 plan that provides that the debtors may retain a vehicle secured by a PMSI purchased within 910 days of the bankruptcy filing without paying interest on the claim. The Court previously ruled on the question presented in the recent case of *CitiFinancial Auto v. Lisa Lynn Hernandez-Simpson*.[8] In those five bankruptcy cases consolidated for appeal,[9] the Court joined the majority of courts in concluding that

> the language of the hanging paragraph in § 1325(a) stating that § 506 "shall not apply" to 910 claims merely prevents debtors from bifurcating a secured creditor's claims into secured and unsecured portions on newly-acquired vehicles.  It does not change the secured creditor's claim into some new, undefined category of unsecured claim.  Because 910 claims are 'allowed secured claims' under the Code, interest must be paid on them at the *Till* rate to compensate the holder of the claim for its lost value in receiving deferred payments.[10]

The Court adopts and incorporates by reference the decision in *Hernandez-Simpson* and

---

[6]*Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849, 851 (10th Cir. 1990); *In re Barber*, 191 B.R. 879, 882 (D. Kan. 1996); *see* Fed. R. Bankr. P. 7052, 8013.

[7]*In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1251 (10th Cir. 2001) (citing *Rushton v. State Bank of S. Utah (In re Gledhill)*, 164 F.3d 1338, 1340 (10th Cir. 1999)).

[8]—B.R.—, 2007 WL 1464258 (D. Kan. May 17, 2007).  This decision is currently on appeal to the Tenth Circuit Court of Appeals, Case Nos. 07-3173 and 07-3187.

[9]The instant appeal was filed shortly before the Court's opinion was filed, and Ford Motor Credit had moved to consolidate it with the five cases in *Hernandez-Simpson*.  The motion to consolidate was denied as moot when *Hernandez-Simpson* was issued.

[10]*Id*. at *7 (citation omitted).

accordingly, the Order of the bankruptcy court confirming the debtors' Chapter 13 plan in the instant case is reversed.

**IT IS THEREFORE ORDERED BY THE COURT** that the Order of the bankruptcy court confirming debtors' Chapter 13 plan is REVERSED and the case is REMANDED to the bankruptcy court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Dated this 18th day of July 2007.

                                 S/   Julie A. Robinson
                                Julie A. Robinson
                                United States District Judge